UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY LEWIS,

    Plaintiff,                                            Case No. 2:17-cv-13860

v.                                                HONORABLE STEPHEN J. MURPHY, III

STELLAR RECOVERY INC.,

    Defendant.

_____/

**OPINION AND ORDER RESOLVING DEFENDANT'S MOTION TO**
**QUASH SERVICE [4] AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [9]**

Plaintiff Kimberly Lewis filed her Complaint against Stellar Recovery, Inc. on November 30, 2017. A summons was issued and Lewis filed a certificate of service evincing that the summons was returned executed. ECF 2, 3. But shortly thereafter, Stellar filed a motion which began with the proviso that it was "specially appear[ing] solely for the purpose of challenging the Court's jurisdiction upon it" and subsequently moved the Court "to quash the service of process purportedly served on it[.]" ECF 4, PgID 28. Stellar's attorney filed a notice of limited appearance to the same effect the following day. ECF 5.

In its motion to quash, Stellar argued that service was not proper because it was not "personally delivered to an officer, a managing or general agent, or other agent authorized to receive service of process on Stellar Recovery, Inc." but was instead "mailed via certified mail to Stellar's registered agent in Michigan." ECF 4, PgID 29, and thus improper under Federal Rule of Civil Procedure 4(h).

In response, Lewis reattempted service and subsequently filed a second certificate confirming service. ECF 6. That time Lewis used a process server to deliver the complaint and summons to an address in Jacksonville, Florida. The server left the papers with Jan McCormick, the purported Vice President of Stellar. *Id.*

No motion to quash followed, and Lewis duly requested and received a clerk's entry of default. ECF 7, 8. Lewis now moves for default judgment.[1] ECF 9.

The motion to quash focused solely on the initial attempt at service. In light of the second service attempt, the Court finds the motion moot and the Court will therefore consider the motion for default judgment.

Under Rule 55(a), if a party has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party may then move for the Court to enter judgment. Fed. R. Civ. P. 55(b)(2).

When a party moves for default judgment, the Court is empowered to hold a hearing or make other investigations as necessary—but these are unnecessary here. Lewis's three-count Complaint alleges a run-of-the-mill violation of the Fair Debt Collection Practices Act. The Act permits recovery of actual damages, "additional damages as the court may allow, but not exceeding $1,000," along with costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a). Lewis seeks a total of $4,202.71: $1,000 in statutory damages, $2,730 in attorney's fees, and $472.71 in court costs. Although the attorney's fees are not itemized as is customary, the amount sought is

---

[1] The motion is, in fact, styled as a "Motion for Default." But as the Court Clerk has already filed an entry of default pursuant to Lewis's request, and the instant motion is docketed as an ex parte motion concerning that entry, the Court understands it to be a motion for default judgment under Rule 55(b)(2).

2

consistent with similar cases and the actions taken in the case to date. Stellar has not responded to the figures. Accordingly, the Court will enter judgment in the amount sought in the motion.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion to quash service [4] is **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment [9] is **GRANTED**.

This is a final order and closes the case.

**SO ORDERED**.

                                    s/Stephen J. Murphy, III
                                    STEPHEN J. MURPHY, III
                                    United States District Judge

Dated: April 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 10, 2018, by electronic and/or ordinary mail.

                                    s/David P. Parker
                                    Case Manager